

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | REPORT AND RECOMMENDATION |
| V. ) | |
| ) | CASE NO. 2:04-cr-59 |
| KENNETH LEE DEMARCE ) | |

On December 20, 2005, this Court conducted a hearing on a November 21, 2005 petition alleging violation of conditions of supervised release.[1] At the hearing, Mr. Demarce admitted to the violations alleged in the petition, and the parties made a joint recommendation for disposition. The parties both recommend that Mr. Demarce's supervised release be revoked, and that he serve eight months in custody, with no continuation of supervised release after completion of the term of custody.

## FACTS

On August 19, 2004, Mr. Demarce entered a guilty plea to a charge of assault resulting in serious bodily injury. On the same date, Mr. Demarce was sentenced to a term of imprisonment of twelve months and one day, followed by a three year term of supervised release, with payment of $13,778.45 in restitution

---

[1]. The November 21, 2005 petition supersedes one dated November 9, 2005. The allegations contained in the earlier petition are also included in the later petition.

required. Mr. Demarce completed his prison term, and began his supervised release term on March 25, 2005.

From the outset, Mr. Demarce's compliance with terms of supervised release has been very poor. Within the first couple of months, he failed to report for drug and alcohol testing five times, he consumed alcohol, and he failed to participate in anger management counseling and drug and alcohol aftercare. After a violation petition was filed, Mr. Demarce agreed to a modification of conditions, which required that he complete a six month placement at Lake Region Law Enforcement Center, and that he complete chemical dependency counseling and alternatives to violence (ATV) programming while at LRLEC.

The petition alleges, and Mr. Demarce admitted, that he failed to return to LRLEC after an October 29, 2005 pass. In addition to the October 29th absconding, the instant petition alleges Mr. Demarce failed to continue with ATV and chemical dependency counseling while at LRLEC. The petition also alleges failure to maintain employment, arising from Mr. Demarce's termination of employment at Spirit Lake Casino for failure to report for work. Finally, the petition alleges Mr. Demarce pled guilty to a tribal charge of domestic assault on November 14, 2005.

After completing a 30 day tribal sentence on the domestic assault charge, Mr. Demarce was transferred to federal custody on December 14, 2005, and remains detained pending a decision on the petition.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

At the time he was sentenced on the underlying charge, Mr. Demarce was in Criminal History Category VI. The offenses to which he has admitted are of Grade C. The guidelines suggest a term of custody of eight to fourteen months under those circumstances.

## PARTIES' POSITIONS ON DISPOSITION

The parties made a joint recommendation on disposition, requesting that Mr. Demarce serve a term of custody of eight months, with no continuing supervised release after completion of that term. Mr. Demarce, both personally and through his counsel, acknowledged a very serious alcohol dependence. His counsel reported that Mr. Demarce's counselor described Mr. Demarce as an active participant in the counseling program while he was at LRLEC, and identified a period of several months during which Mr. Demarce was able to maintain employment. Mr. Demarce spoke personally, acknowledging his errors, and vowing to follow-through with alcohol treatment and AA attendance.

3

## DISCUSSION

Mr. Demarce has done little to comply with supervised release requirements so far. Although this is the first petition to reach hearing, many violations preceded this petition. Mr. Demarce responded to his earlier opportunity for a placement that allowed work release by absconding, drinking, and abusing his wife. A sentence at the low end of the guidelines' suggestion does not adequately reflect Mr. Demarce's repeated disregard for his supervised release obligations. This Court recommends that a term of imprisonment of twelve months, rather than eight months, be required, and that no additional supervised release be required following completion of that term.

## RECOMMENDATION

This Court recommends that the District Judge find that Mr. Demarce has violated conditions of supervised release, as alleged in the petition, that his supervised release be revoked, and that he be ordered to serve a term of twelve months in custody, with no additional term of supervised release required after completion of the term of custody.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object

to the proposed findings and recommendation within ten days after being served with a copy of this Report and Recommendation. If the parties do not object to the proposed findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 29th day of December, 2005.

Alice R. Senechal
U.S. Magistrate Judge